Johnson Bros. Lighterage Company, Respondent, *v.* American Union Line, Inc., Appellant.

(Supreme Court, Appellate Term, First Department, February, 1920.)

**Ships and shipping — when principal not bound by declaration of agent — evidence.**

> In an action to recover for the use of a tug supplied by plaintiff on the request of S. by telephone, to siphon water from the hold of a schooner, no proof was given as to the ownership of the schooner, but a letter written to plaintiff on defendant's letterhead and subscribed in its name by S. as treasurer was received in evidence as was also the answer to the complaint verified by S. as treasurer.  *Held,* that neither the letter, which was a mere declaration of agency on the part of S., nor the verification to the answer was of aid to plaintiff on the question as to whether S. was the agent of the defendant in the transaction and did not bind defendant, and a judgment in plaintiff's favor will be reversed and a new trial granted.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, after trial by the court without a jury.

Engel Bros. (Isidore Schneider, of counsel), for appellant.

Foley & Martin (William H. Darrow, of counsel), for respondent.

WAGNER, J.   The plaintiff, at the request of one Shapiro by telephone, supplied the use of a tug to siphon water from the hold of a schooner lying at the foot of Sixty-ninth street, New York city, in March, 1919, sued defendant for the value of said services, and certain necessary articles purchased by plaintiff in connection with and furtherance of the work. The defendant company in its answer denied any agreement on its part for the performance of such services and rested on the conclusion of plaintiff's case, offering no evidence after its motion to dismiss had been denied. The learned trial court granted judgment for plaintiff. We cannot find any basis to justify the judgment so rendered. No proof of the schooner's ownership was produced by the plaintiff. He testified that when Shapiro ordered the work done, he, Shapiro, spoke of it as " his schooner " and that he, the plaintiff, so understood it. The plaintiff sought to prove the agency of Shapiro for the defendant company, by introducing in evidence a letter dated May 7, 1919, written to plaintiff on defendant's letterhead and subscribed "American Union Line, Inc., I. Shapiro, Treas.," and further by the verification to the defendant's answer interposed in the present suit which appeared to be sworn to by him as treasurer in the month of September following. Though the record

Appellate Term, First Department, February, 1920.    [Vol. 110.

apparently discloses that the trial justice upon comparison found the two signatures to be alike we are forced to the conclusion that the plaintiff has failed in the necessary proof of agency. The letter was merely a declaration of agency on the alleged agent's part and could in no way be binding upon the defendant. Furthermore, the plaintiff is not aided by the fact of Shapiro's verification in September as treasurer in establishing that he was defendant's agent in March previous. While it has been held that a resolution or writing of a corporation to the effect that certain named individuals are its officers and empowered to act for it, when duly attested and under the seal of the corporation, creates a presumption that the said officers continue to act in future as such until the contrary is shown, we know of no rule of law permitting a similar presumption in retrospect. Were Shapiro the defendant's treasurer when the work was performed, there were legal methods plaintiff might have employed to substantiate a claim of that character.

GUY and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.